IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,    )
                             )
        Plaintiff,           )        Civil Action No. C04-1852RSM
                             )
    v.                       )    CASE NUMBER  1:06MS00542
                             )
JOHN STEFANCHIK, individually and    JUDGE: Gladys Kessler
as an officer and director of
Beringer Corporation, *et al.*,      DECK TYPE: Miscellanous
                             )
        Defendants.          )    DATE STAMP: 12/05/2006

## DEFENDANTS JOHN STEFANCHIK AND BERINGER CORPORATION'S MOTION TO QUASH SUBPOENA AND MEMORADNUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## I.    INTRODUCTION

    This is an action pending in the U. S. District Court for the Western District of

Washington at Seattle ("the Western District").  Defendants John Stefanchik and

Beringer Corporation ("Stefanchik") respectfully request that this Court quash the

deposition subpoena issued by the FTC to Gary Hailey of the law firm Venable, Baetjer,

Howard & Civiletti ("the Venable firm").[1]  The FTC seeks to depose Mr. Hailey on

privileged and confidential communications that are far broader in scope than the

Western District's November 15, 2006 Order Granting Plaintiff's Motion to Compel,[2]

which only allowed the FTC to propound *written* discovery to the *Stefanchik* defendants,

not Mr. Hailey or his former clients Justin Ely and Scott Christensen, and provided that

the discovery "shall be LIMITED only to communications relating to the telemarketing

scripts at issue in this litigation."  [Emphasis in original.]  In contrast, the Subpoena

---

[1] See Exhibit A to the Declaration of Rodney L. Umberger ("Umberger Decl.").  The Umberger Decl. is
attached to this Motion as Exhibit 1.
[2] *See* Ex. B to the Umberger Decl.

served on Mr. Hailey and the Venable firm purports to require Mr. Hailey to appear for

an oral deposition *and* to produce the following:

> All documents that refer or relate to communications between Venable
> and Defendants, whether individually or collectively, regarding any
> telemarketing scripts and sales presentations for the Stefanchik Program
> from January 1, 2000 to the date of your response to this Request.

Contrary to the Western District Court's Order, the FTC's document request is

*not* limited to written discovery requests,[3] is *not* limited to communications between

Venable and the Stefanchik defendants, and is *not* limited "only to communications

relating to the telemarketing scripts at issue in this litigation."

Pursuant to LCvR 7(m), counsel for the parties have conferred in a good-faith

effort to attempt to resolve this matter without the filing of a motion, but were

unsuccessful in reaching a resolution of the issues set forth herein.

## II.    SUPPORTING POINTS AND AUTHORITIES

In September 2000, prior to retaining Stefanchik's present counsel in connection

with this litigation, Mr. Stefanchik retained Mr. Gary Hailey, of the Venable firm in

Washington D.C., in connection with the marketing of the Stefanchik Program.  Mr.

Hailey also was later retained by former defendants Scott Christensen and Justin Ely, and

their respective companies, with respect to the same matter.[4]  There has been no

suggestion that Mr. Ely or Mr. Christensen, on behalf of themselves or their companies,

have waived the attorney-client privilege with respect to Mr. Hailey's representation of

---

[3] The FTC may argue that the Order "does not preclude" the taking of Mr. Hailey's deposition.  That argument, however, erroneously assumes that the absence of any affirmative language permitting the deposition, which deposition was not even the subject of the motion to compel, is the equivalent of an affirmative order allowing the deposition to go forward.  It is not.  The FTC could have moved for such relief but chose not to.

[4] *See* ¶ 3 of the Venable firm's Objection To Subpoena Duces Tecum, sent to counsel on November 27, 2006, Ex. C to the Umberger Decl.

them or authorized him to give testimony that would reveal confidential, privileged communications between any or all of them and Mr. Hailey.

The Western District's November 15, 2006 Order[5] granting the FTC's motion to compel was based on the Court's reasoning that because Mr. Stefanchik has testified that he relied on former defendant Justin Ely and Mr. Hailey to ensure the telemarketing scripts complied with the law, the FTC is entitled to explore *Mr. Stefanchik's* knowledge of the contents of the scripts by propounding *written* discovery directed to *Mr. Stefanchik*, limited only to communications *relating to the telemarketing scripts*. The Court's ruling is strictly limited in scope and certainly cannot be read to allow the FTC to depose Mr. Hailey, whose deposition was not even the subject of the FTC's motion. In addition, the scope of the request for documents served on Mr. Hailey, as discussed above, is clearly beyond that contained in the Western District's Order.

The FTC's Request for Documents is, like its recent motion to compel, overbroad and amounts to a fishing expedition. The Western District recognized the overbreadth of the FTC's motion to compel in its November 15, 2006 ruling, which strictly limited what the FTC could inquire about in written discovery propounded only to Mr. Stefanchik and extending only to his communications with the Venable firm about the scripts. The Order does not extend to the Venable firm's communications with any other entity. It does not extend to any part of the Stefanchik Program other than the scripts. It does not extend to the taking of any deposition and does not even address the issue of whether former defendants Justin Ely and Scott Christensen, and their respective companies, have implicitly or explicitly waived the attorney-client privilege with respect to their confidential communications with the Venable firm.

---

[5] Ex. A to the Umberger Decl.

3

It is axiomatic that the client is the holder of the privilege and is the only entity with the power to waive it. *See, e.g., Bittaker v. Woodford,* 331 F.3d 715 (9th Cir. 2003); *U.S. v. Judson,* 322 F.2d 460 (9th Cir. 1963). Even if Mr. Stefanchik is considered to have implicitly waived the privilege with respect to *his* communications with Mr. Hailey concerning the scripts, there has been no suggestion of a waiver, implicit or otherwise, by Mr. Ely or Mr. Christensen, individually or on behalf of their companies, with respect to any aspect of their communications with the Venable firm relating to the Stefanchik Organization or Program. Because there has been no waiver, the information sought by the FTC is covered by the attorney-client privilege and the subpoena issued to Mr. Hailey and the Venable firm should be quashed.

With regard to the issue of whether the Stefanchik defendants have standing to object to the subpoena issued to Mr. Hailey, the Stefanchik defendants submit that they have had and continue to have a common interest in protecting the communications at issue since all of the defendants, including former defendants Ely, Christensen and Atlas, worked in conjunction with the Stefanchik Organization in a combined effort to promote, market and sell the Stefanchik Program. All of these entities had a shared interest in making the Program a success. Their communications with Mr. Hailey about the various aspects of the Program were all in furtherance of that common goal. The initiation of the FTC investigation did not change the nature of these defendants' shared interest.

For the foregoing reasons, the Stefanchik defendants respectfully request that this Court issue an Order[6] quashing the FTC's subpoena.

---

[6] A proposed form of Order is being filed herewith.

JOHN STEFANCHIK
BERINGER CORPORATION
By Counsel

By: _Megan S. Ben'Ary_
                     Counsel

Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

Of Counsel:

Rodney L. Umberger, Jr. (WSBA No. 24948)
Teena M. Killian (WSBA No. 15805)
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
(206) 628-6600
(206) 628-6611 (facsimile)

*Counsel for Defendants John Stefanchik and Beringer Corporation*

Dated:  December 5, 2006

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was transmitted via facsimile, and first-class mail, postage prepaid, to the following this 5th day of December, 2006:

Nadine S. Samter, Esq.
Kial S. Young, Esq.
Eleanor Durham, Esq.
FEDERAL TRADE COMMISSION
915 Second Avenue, Suite 2896
Seattle, WA 98174
(206) 220-6350
(206) 220-6366 facsimile

Jodi A. McDougall, Esq.
COZEN O'CONNOR
1201 Third Avenue, Suite 5200
Seattle, WA 98101
(206) 373-7233
(206) 621-8783 facsimile

William C. Halls, Esq.
LAW OFFICE OF WILLIAM HALLS, P.C.
P.O. Box 540067
North Salt Lake, UT 84054
(801) 685-2028
(801) 685-2098 facsimile

_____
Megan S. Ben'Ary

6

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   FEDERAL TRADE COMMISSION,                NO. C04-1852RSM

10              Plaintiff,                   EXHIBIT 1 -- DECLARATION OF
                                            RODNEY L. UMBERGER IN
11        v.                                SUPPORT OF DEFENDANTS JOHN
                                            STEFANCHIK AND BERINGER
12  JOHN STEFANCHIK, individually and as an  CORPORATION'S MOTION TO
    officer and director of Beringer Corporation, et  QUASH SUBPOENA
13  al.,
                Defendants.
14

15        I, Rodney L. Umberger, declare as follows:

16        1.    I am lead counsel for defendants John Stefanchik and Beringer Corporation.  I

17  have personal knowledge of the facts contained herein and am competent to testify thereto.

18        2.    Attached hereto as **Exhibit A** is a true and correct copy of a Subpoena, dated

19  November 15, 2006, issued by plaintiff FTC to Mr. Gary Hailey of the law firm Venable,

20  Baetjer, Howard & Civiletti, LLP.

21        3.    Attached hereto as **Exhibit B** is a true and correct copy of an Order Granting

22  Plaintiff's Motion To Compel, issued by the U.S. District Court, Western District of

23  Washington at Seattle, dated November 15, 2006.

24

25

EXHIBIT 1 -- DECLARATION OF RODNEY L. UMBERGER IN
SUPPORT OF DEFENDANTS JOHN STEFANCHIK AND
BERINGER CORPORATION'S MOTION TO QUASH SUBPOENA -
1
(C04-1852RSM)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address  P O  Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1938193.1

**EXHIBIT**

1

ALL-STATE LEGAL®

1       4.     Attached hereto as **Exhibit C** is a true and correct copy of the Objection To

2   Subpoena Duces Tecum submitted by the law firm Venable, Baetjer, Howard & Civiletti, LLP.

3   The parties to this litigation received this Objection from Mr. Stewart Webb of the Venable

4   firm via electronic mail on November 27, 2006.

5       I declare under penalty of perjury under the laws of the United States that the foregoing

6   is true and correct.

7       Executed this 5th day of December, 2006, in Seattle, Washington.

8

9

10      Rodney L. Umberger, Jr., WSBA #24948
    Attorneys for Defendants John Stefanchik and

11      Beringer Corporation
    WILLIAMS, KASTNER & GIBBS PLLC

12      601 Union Street, Suite 4100
    Seattle, WA  98101-2380

13      Telephone:  (206) 628-6600
    Fax:  (206) 628-6611

14      Email:  rumberger@wkg.com;
    tkillian@wkg.com

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 1 -- DECLARATION OF RODNEY L. UMBERGER IN
SUPPORT OF DEFENDANTS JOHN STEFANCHIK AND
BERINGER CORPORATION'S MOTION TO QUASH SUBPOENA -
2
(C04-1852RSM)

1938193.1

11/20/2006 15 20 FAX   208 220 6366      FTC SEATTLE RO                    ☑002/007
11/20/2006 15:23 FAX   2023263395        MARKETING PRACTICES               ☑002/008

AO 88 (11/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Columbia

| | |
|---|---|
| Federal Trade Commission, Plaintiff | **SUBPOENA IN A CIVIL CASE** |
| **V.** | CASE NUMBER: 1 CV04-1852RSM (W.D. Wash |
| John Stefanchik, et al., Defendants | |

TO: Mr. Gary Hailey, Venable, Baetjer, Howard & Civiletti, LLP, 575 7th Street, N.W., Washington, DC 20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Federal Trade Commission, 600 Pennsylvania Ave. NW, Suite 248, Washington, DC 20580 | Friday, December 1, 2006 1:00pm EST (10:00am PST). |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Specifications

| PLACE | DATE AND TIME |
|---|---|
| Federal Trade Commission, 915 Second Avenue, Suite 2896, Seattle, WA 98174 Attn: Nadine Samter (206) 220-4479 | November 27, 2006, 5:00pm PST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 11-15-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Nadine Samter, 915 Second Ave., Suite 2896, Seattle, WA 98174 (206) 220-4479

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
1 If Action is pending in district other than district of issuance, state district under case number.

# EXHIBIT A

11/20/2006 MON 14:20 [TX/RX NO 7235] ☑002

AO 88 (11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 11/20/06 | Venable, Baetjer, Howard + Civiletti, LLP, 575 7th St NW Washington D.C. 20004 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Gary Mailey | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Elaine Meyer | paralegal specialist |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   11/20/06
_____
DATE

_____
SIGNATURE OF SERVER

FTC, 600 Pennsylvania Ave, NW
_____
ADDRESS OF SERVER

Washington, D.C. 20580

---

RULE 45, Federal Rules of Civil Procedure, PART C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to place more than 100 miles from the place where that person

resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to who the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

11/20/2006 15:21 FAX  206 220 6366        FTC SEATTLE RO          ☐004/007
                                         MARKETING PRACTICES           ☐004/006

**ATTACHMENT A**

**SUBPOENA FOR
DOCUMENTARY MATERIAL AND THINGS**

**DEFINITIONS**

As used herein:

1.  The term "Defendants" means the defendants named in the Amended Complaint filed in
    *Federal Trade Commission v. John Stefanchik, et al.*, CV04-1852R9M (W.D. Wash.
    2004), namely the Beringer Corporation, Atlas Marketing, Inc., Premier Consulting
    Group, Inc., John Stefanchik, Scott Christensen, and Justin Ely, and each of them, and
    includes their present and former representatives, agents, employers, consultants,
    attorneys, accountants, independent contractors, corporations, affiliates, divisions, "doing
    business as" names, merchant names, successors and assigns, and any person or entity
    acting, or who acted at any relevant time, on behalf of any of them.

2.  "Venable" means the law firm of Venable, Baetjer, Howard & Civiletti, LLP, and
    includes its present and former representatives, agents, employees, consultants, attorneys,
    accountants, independent contractors, corporations, affiliates, divisions, "doing business
    as" names, merchant names, successors and assigns, and any person or entity acting, or
    who acted at any relevant time, on behalf of it, including but not limited to, Gary Hailey
    and Theodore W. Atkinson.

3.  "The Stefanchik Program" means course materials, in-person workshops, seminars,
    videotapes, audio tapes, personal coaching services, and other products and services that
    purport to teach consumers John Stefanchik's method for how to find, broker, create,
    purchase, and/or sell privately held mortgages or promissory notes that are secured by real
    property.

4.  "Document" means the complete original (or in lieu thereof, exact copies of the originals)
    and any non-identical copy (whether different from the original because of notations on
    the copy or otherwise), regardless of origin or location, of any written, typed, printed,
    transcribed, taped, recorded, filmed, punched, computer-stored, or graphic matter of every
    type and description, however and by whomever prepared, produced, disseminated or
    made, including but not limited to any advertisement, book, pamphlet, periodical,
    contract, correspondence, file, invoice, memorandum, note, telegram, report, record,
    handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation,
    manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code
    book, electronic communication, including e-mail, and computer material (print-outs,
    cards, magnetic or electronic tapes, discs and such codes or instructions as will transform
    such computer materials into easily understandable form).

5.  "Communication" means any contact, oral or written, formal or informal, at any time or

place, by any medium, and under any circumstances whatsoever, whereby information of any nature was shared, transmitted, or transferred.

6.    "Refer or relate to" or "Referring or relating to" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

7.    The singular shall be construed to include the plural, and the plural shall be construed to include the singular.

8.    The word "each" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

9.    The word "and" shall be construed to include the word "or," and the word "or" shall be construed to include the word "and."

## INSTRUCTIONS

1.    Documents covered by this subpoena are those in your or Venable's possession or under your actual or constructive custody or control.

2.    Legible photocopies may be submitted in lieu of original documents, provided that the originals are retained in their current state. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Federal Trade Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Federal Trade Commission staff upon request.

3.    A complete copy of each document should be submitted even though only a portion of the document is within the terms of the specification. The document shall not be edited, cut, or expunged and shall include all covering letters and memoranda, transmittal slips, appendices, tables or other attachments and all other documents referred to in the document or attachments.

4.    If any document called for by this subpoena is withheld based on a claim of privilege or any similar claim, the claim must be asserted no later than the return date of this subpoena. In addition, submit, together with the claim, a schedule of the items withheld stating individually as to each item: (a) the type, specific subject matter, and date of the item; (b) the names, addresses, positions, and organizations of all authors and recipients

2

of the item; and (c) the specific grounds for claiming that the item is privileged. If only some portion of any responsive document is privileged, all non-privileged portions of the document must be submitted.

5.  All documentary materials used in the preparation of responses to the specifications of this subpoena shall be retained. The Federal Trade Commission may require the submission of additional documents at a later time. Accordingly, you should suspend any routine procedures for document destruction and take other measures to prevent the destruction of documents that are in any way relevant to this investigation during its pendency, irrespective of whether you believe such documents are protected from discovery by privilege or otherwise. *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §1505.

6.  If any of the information requested in this subpoena is only available in machine-readable form (such as floppy or hard disks, drums, core storage, magnetic tapes or punch cards), state the form in which it is available and describe the type of computer or other machinery required to read the record(s) involved. If the information requested is stored in a computer or a file or a record generated by a computer, indicate whether you have an existing program that will print out the record in readable form and state the name, title, business address and telephone number of each person who is familiar with the program.

## REQUEST FOR DOCUMENTS

Pursuant to Fed. R. Civ. P. 45, produce the following documents:

1.  All documents that refer or relate to communications between Venable and Defendants, whether individually or collectively, regarding any telemarketing scripts and sales presentations for the Stefanchik Program from January 1, 2000, to the date of your response to this Request.

3

## CERTIFICATE OF SERVICE

    I hereby certify that on November 20, 2006, I served the foregoing **SUBPOENA** by faxing a full, true, and correct copy thereof to counsel for defendants below at the fax number indicated. The receiving fax machine was operating at the time of service and the transmission was properly completed, according to the confirmation report.

Rodney L. Umberger
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101
(206) 628-2421 (phone)
(206) 628-6611 (fax)
rumberger@wkg.com
Attorney for Defendants Beringer Corporation and John Stefanchik

Dated:    November 20, 2006

s/Nadine Santner

1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

FEDERAL TRADE COMMISSION,                )

9                                                                  )

                        Plaintiff,                           )

10                                                                 )        CASE NO.  C04-1852RSM

            v.                                                  )

11                                                                 )

JOHN STEFANCHIK, et al.,                       )        ORDER GRANTING

12                                                                 )        PLAINTIFF'S MOTION TO

                        Defendants.                       )        COMPEL

13    _____)

14          This matter comes before the Court on plaintiff's Motion to Compel, which asks the

15   Court for an Order compelling defendant John Stefanchik to respond to plaintiff's questions and

16   produce documents relating to his communications with his former attorney Gary Hailey

17   concerning the content of the telemarketing scripts and other promotional materials for the

18   Stefanchik Program.  (Dkt. #98).  Plaintiff argues that defendant has waived the attorney-client

19   privilege with respect to these communications because he has raised the defense that he relied

20   on the advice of counsel as to the legality of the scripts and other advertising under Section 5 of

21   the Federal Trade Commission Act, 15 U.S.C. § 45, and the Telemarketing Sales Rules, 16

22   C.F.R. Part 310.  Defendants argue that Mr. Stefanchik has not raised the defense that he relied

23   on the advice of counsel with respect to the scripts, and that plaintiff's request is overbroad in

24   any event.  (Dkt. #99).

25          The Court, having considered plaintiff's motion, defendants' response, plaintiff's reply,

26   and the remainder of the record, hereby finds and ORDERS:

           (1)  Plaintiff's Motion to Compel (Dkt. #98) is GRANTED.  The Court agrees with

ORDER
PAGE – 1

**EXHIBIT B**

1  plaintiff that, by saying he did not see the scripts the telemarketers used, defendant is asserting

2  that he did not know what the telemarketers were told to say to consumers over the telephone

3  in the sales pitches.  The Court also agrees that, by asserting that former defendant Justin Ely of

4  Atlas Marketing sent the scripts to Mr. Stefanchik's attorney, who would directly make

5  comments or communicate changes to Mr. Ely, defendant is also asserting that he relied on his

6  counsel to make sure that the scripts complied with the law.  As a result, plaintiff is entitled to

7  explore defendant's knowledge regarding the contents of the scripts, whether his attorney

8  reviewed the scripts, or whether his attorney communicated anything to him about those scripts.

9      Accordingly, defendants are hereby ORDERED to produce discovery responses to

10  plaintiff no later than fourteen (14) days from the date defendants are served with those

11  requests.  However, such discovery requests shall be LIMITED only to communications relating

12  to the telemarketing scripts at issue in this litigation.

13      (2)  The Clerk shall forward a copy of this Order to all counsel of record.

14      DATED this 15 day of November, 2006.

15

16

17                                    RICARDO S. MARTINEZ
                                      UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

ORDER
PAGE – 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAMS KASTNER & GIBBS

DEC 04 2006

RECEIVED

FEDERAL TRADE COMMISSION,          *
            Plaintiff,              *
                                    *
        v.                          *     Case No. CV04-1852RSM
                                    *     (W.D. Wash)
JOHN STEFANCHIK, et al.             *
            Defendants              *
                                    *

*    *    *    *    *    *    *    *    *    *    *    *

## OBJECTION TO SUBPOENA DUCES TECUM

Gary Hailey ("Hailey"), by his undersigned attorneys, hereby objects, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, to the Subpoena Duces Tecum ("Subpoena") served on him by the Federal Trade Commission ("FTC") on the grounds that (i) he is not the custodian of records for, or authorized to produce, documents and files on behalf of his employer, Venable LLP ("Venable"), a law firm; (ii) the Subpoena does not allow a reasonable period of time for response by an non-party witness; (iii) Venable's client has informed Hailey that the Subpoena calls for the production of documents that may be protected from disclosure by the attorney-client privilege, the joint defense privilege and/or the work product doctrine; (iv) the client has further informed Hailey that it does not waive any applicable privilege or immunity from discovery. Hailey is not a party to this action. Venable, principally through Hailey, provided legal services to the Stefanchik Organization and related entities, including the entities and persons identified as "Defendants" in Attachment A to the Subpoena.

In support of this Objection, Hailey states as follows:

# EXHIBIT C

1.    The FTC initially caused a subpoena to be served on Hailey on November 9, 2006; but, before the time for objection to that subpoena had passed, the FTC informed Hailey that he would not be required to respond to the initial subpoena; instead, on November 20, 2006, the FTC caused a second subpoena, the Subpoena at issue here, to be served on Hailey.  According to the FTC, this Subpoena superseded the first subpoena.  The Subpoena commands Hailey to produce by November 27, 2006, the following documents:

> All documents that refer or relate to communications between Venable and Defendants, whether individually or collectively, regarding any telemarketing scripts and sales presentations for the Stefanchik Program from January 1, 2000, to the date or your response to this Request.

A copy of the Subpoena is attached hereto as Exhibit 1.[1]  The Defendants are defined in the Attachment A to the Subpoena to be the defendants named in *Federal Trade Commission v. John Stefanchik, et al.*, CV04-1852RSM, pending in the United States District Court for the Western District of Washington (hereinafter the *FTC Action*) namely, the Beringer Corporation, Atlas Marketing, Inc., Premier Consulting Group, Inc., John Stefanchik, Scott Christensen and Justin Ely as well as the agents, employees, representatives, etc. of each of these entities or individuals. These entities and individuals are hereinafter referred to as the "Defendants" or the "*FTC Action* Defendants".

2.    Hailey is a member of the Bar of the District of Columbia and is employed as an attorney by Venable.  He does not have possession, custody or control over the documents of Venable.  Moreover, even if Hailey were an appropriate person to

---

[1] This request for documents in the Subpoena is broader than the request in the initial subpoena in that it calls for documents over almost a seven-year period, from January 1, 2000, to the present, while the initial subpoena called for documents from January 1, 2000 to December 31, 2003.  The initial subpoena, however, arguably called for a broader category of documents, which were described as "marketing and promotional materials for the Stefanchik Program."

2

be served with a subpoena for documents in the possession, custody or control of Venable, the Subpoena does not allow a reasonable time for response. The FTC has allowed only 7 days from service for any production in response to the Subpoena (which 7 days includes the Thanksgiving Holiday), less than the 30-day time period allowed a party under Fed. R. Civ. P. 34 for responding to a document request, and this shortened time period is contrary to the requirement of Fed. R. Civ. P. 45(c)(1) that the party issuing the subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

        3.      The Subpoena calls for the production of documents that Venable understands its client may contend are covered by the attorney-client privilege, the joint defense privilege and/or the attorney work product doctrine. Initially, Venable was contacted in or around September 2000 to provide legal services to the Stefanchik Organization. Hailey understands that the *FTC Action* Defendants may take the position that the Stefanchik Organization includes all of them. Moreover, Venable represented the Stefanchik Organization and Atlas Marketing (as well as related individuals) in connection with the FTC's investigation. Hailey's understanding is that the *FTC Action* Defendants may take the position that all of them may be within the attorney-client privilege and/or subject to a joint defense privilege and that Venable's communications with all of the *FTC Action* Defendants are protected from disclosure by those privileges and the work product doctrine. Hailey does not speak for the Defendants in this regard but is simply seeking to preserve their right and ability to assert fully their positions with regard to the documents described under the Request for Documents in Attachment A to the Subpoena.

BA2/306236.1

4.    Neither Hailey nor Venable represents the *FTC Action* Defendants in connection with the Subpoena or the assertion of any privilege or immunity from discovery; however, the attorney-client privilege belongs to the client.  Accordingly, Hailey makes this Objection in order to allow the *FTC Action* Defendants, through their attorneys, a full opportunity to assess, assert and otherwise protect their claims of attorney-client privilege, joint defense privilege and/or work product doctrine with respect to the documents described under the Request for Documents in Attachment A to the Subpoena.

5.    Finally, Hailey notes that the Subpoena also calls for his deposition on December 1, 2006.  The deposition will obviously involve inquiry into topics that may be within the scope of the attorney-client privilege, the joint defense privilege and/or the work product doctrine.  In order to reduce the burden on him as a non-party witness, Hailey respectfully submits that no deposition should proceed until the issues regarding the documents requested by the Subpoena, including the scope and applicability of the attorney-client privilege, the joint defense privilege and the work product doctrine, have been resolved.

For the foregoing reasons, Hailey objects to the Subpoena and declines to produce documents until this Objection is resolved and the *FTC Action* Defendants have had a meaningful opportunity to protect their privilege and related work product assertions

David W. Goewey /ggw

David W. Goewey
Venable LLP
575 7th Street, NW
Washington, D.C.  20004-1601
(202) 344-4853

Attorneys for Gary D. Hailey

OF COUNSEL:

G. Stewart Webb, Jr.
Venable LLP
Suite 1800
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7565

BA2/306236.1                                 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2006, copies of

the foregoing Objection to Subpoena Duces Tecum were served by regular mail and

electronic mail upon:

Rodney L. Umberger, Esquire
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA  98101

Jodi A. McDougall, Esquire
Cozen O'Connor, PC
1201 Third Avenue, Suite 5200
Seattle, WA  98101-3071

William C. Halls, Esquire
Law Office of William Halls, PC
P.O. Box 540067
North Salt lake City, UT  84054

Nadine S. Samter, Esquire
Kial Young, Esquire
Eleanor Durham, Esquire
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, Washington  98174

G. Stewart Webb, Jr.

BA2/306236 1

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,    )
    )
    Plaintiff,    )
    )    Civil Action No. C04-1852RSM
    v.    )

CASE NUMBER   1:06MS00542

JOHN STEFANCHIK, individually a
as an officer and director of    JUDGE: Gladys Kessler
Beringer Corporation, *et al.,*
    DECK TYPE: Miscellanous
    Defendants.
    DATE STAMP: ██████████

### ORDER ON MOTION TO QUASH SUBPOENA

    This matter, having come before the Court on defendants John Stefanchik and

Beringer Corporation's Motion to Quash Subpoena And Memorandum of Points and

Authorities in Support of Motion, and the Court having reviewed the submissions of the

parties and deeming itself fully advised in the premises, now, therefore, it is hereby

    ORDERED that Plaintiff FTC's Subpoena issued to Gary Hailey and Venable,

Baetjer, Howard and Civiletti, LLP, and attached Request for Documents, is hereby

quashed, and neither Mr. Hailey nor the Venable firm are required to appear for a

deposition or produce documents because the subpoena and document requests are overly

broad and seek privileged or other protected information.

    DATED this ____ day of _____, 2006.


                _____
                  Judge, United States District Court