UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | D.C. Dist. Ct. No. 06-MC-542-GK |
| Plaintiff, | Civil Action No. C04-1852RSM |
| v. | Pending in the U.S. District Court for the Western District of Washington at Seattle |
| JOHN STEFANCHIK, individually and as an officer and director of Beringer Corporation, *et al.*, | |
| Defendants. | |

**PLAINTIFF FTC'S OPPOSITION TO DEFENDANTS JOHN STEFANCHIK'S AND THE BERINGER CORPORATION'S MOTION TO QUASH SUBPOENA**

Plaintiff Federal Trade Commission ("FTC") hereby responds to Defendants John Stefanchik's and the Beringer Corporation's (hereafter "Defendants") Motion to Quash the FTC's subpoena to John Stefanchik's former attorney, Gary Hailey, of the law firm Venable Baetjer Howard & Civiletti, filed with the Court on December 5, 2006. This action is pending in the United States District Court for the Western District of Washington ("the Western District Court"). The FTC respectfully requests a prompt ruling on Defendants' Motion to Quash because the discovery deadline in the case is January 11, 2006.[1]

In their Motion, Defendants argue that the FTC's subpoena should be quashed because the FTC seeks to depose Mr. Hailey regarding privileged and confidential communications between him and the former telemarketing defendants in this action, Justin Ely and Scott Christensen ("former defendants").[2] Defendants further argue that the Western District Court's

---

[1] The FTC has notified Mr. Hailey of the Defendants' efforts to quash the subpoena and postponed Mr. Hailey's deposition until after this matter is resolved. Declaration of Nadine S. Samter (Dec.15, 2006) at ¶ 5 and Exh. A, attached as Exhibit 1 to this Opposition ("Opp. Ex. 1").

**RECEIVED**

[2] The Western District Court entered Stipulated Final Judgments and Orders as to defendants Justin Ely and Scott Christensen and their respective companies, Premier Consulting (continued...)

DEC 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FEDERAL TRADE COMMISSION
915 Second Ave., Su 2896
Seattle, Washington 98174
(206) 220-6350

1    Order, entered November 15, 2006 ("Order"), which permits the FTC to conduct discovery of

2    certain attorney-client privileged communications between the Defendants and their former

3    attorney, Gary Hailey, only permits the FTC to propound written discovery on Mr. Stefanchik.[3]

4    According to Defendants, the Order therefore precludes the FTC from conducting discovery of

5    Mr. Hailey regarding either his privileged communications with Mr. Stefanchik or *any* of his

6    communications - privileged or not - with the former defendants.

7         The Court should deny Defendants' Motion to Quash because: (1) the FTC does not seek

8    to depose Mr. Hailey regarding privileged communications between him and the former

9    defendants and has told him so; (2) the FTC has every right to seek unprivileged discovery

10   regarding Mr. Hailey's communications with the former defendants *before* they were represented

11   by him because the Western District Court's Order does not and was not meant to preclude

12   discovery of relevant, unprivileged matters;[4] and (3) the Western District Court's Order permits

13   the FTC to explore Mr. Stefanchik's "knowledge regarding the contents of the scripts, whether

14   his attorney reviewed the scripts, or whether his attorney communicated anything to him about

15   those scripts," which reasonably includes obtaining discovery from *both* Mr. Stefanchik and his

16   former attorney, Mr. Hailey.

17   **I.    BACKGROUND**

18        In August 2004, the FTC filed an action against Defendants, as well as Scott Christensen

19   and his company, Atlas Marketing, Inc., alleging that they violated Section 5 of the Federal Trade

20

---

21        [2]    (...continued)

22   Group, Inc., and Atlas Marketing, Inc., on November 14, 2006.

23        [3]    The Western District Court's Order is attached as Exhibit 2 to this Opposition

     ("Opp. Ex. 2").

24

25        [4]    Although counsel for the FTC specifically raised the issue with Mr. Hailey before

     serving him with the subpoena, Mr. Hailey has not indicated to the FTC that he represented the

26   former defendants prior to the FTC's investigation of the Stefanchik Organization. Opp. Ex. 1 at

     ¶ 3. It is the FTC's understanding that, before its investigation began, Mr. Hailey only

27   represented Mr. Stefanchik and/or Beringer. Further, former defendant Justin Ely has freely

     spoken with the FTC regarding communcations he may have had with Mr. Hailey prior to the

28   FTC's investigation and did not assert the attorney-client privilege for that time period. *Id.* at ¶ 6.

FTC Opposition to Motion to Quash - Page 2

1 Commission Act ("FTC Act"), 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule, 16

2 C.F.R. Part 310, by deceptively telemarketing a business opportunity that purported to teach

3 consumers how to make substantial amounts of money in a short amount of time by using John

4 Stefanchik's methods for purchasing and selling privately-held mortgage promissory notes.  The

5 FTC later added Justin Ely and his company, Premier Consulting Group, Inc., as defendants.

6        On November 15, 2006, the Western District Court granted the FTC's  Motion to Compel

7 Mr. Stefanchik's testimony and documents regarding privileged communications he had with his

8 former counsel, Gary Hailey, on the grounds that Mr. Stefanchik had waived the attorney-client

9 privilege by asserting that he had relied on his counsel's advice as a defense to liability.[5]  The

10 Western District Court agreed with the FTC that by saying he did not see the scripts the

11 telemarketers used to sell the Stefanchik program, Mr. Stefanchik asserted that he did not know

12 what the telemarketers were told to say to consumers over the telephone in the sales pitches.[6]

13 The Western District Court further agreed with the FTC that by asserting that the former

14 defendants sent the scripts directly to Mr. Stefanchik's former counsel, Mr. Stefanchik also

15 asserted that he relied on this counsel to make sure that the scripts complied with the law.[7]  The

16 Western District Court then ruled that:

17     As a result, plaintiff is entitled to explore defendant's knowledge regarding the
       contents of the scripts, whether his attorney reviewed the scripts, or whether his
18     attorney communicated anything to him about those scripts.

19 ――――――――――――――――

20     [5]    Opp. Ex. 2.

21     [6]    *Id.* This issue is of importance in this case because for the Western District Court
22 to find John Stefanchik individually liable not only for the misrepresentations under the FTC Act,
   but also for restitution for those misrepresentations, the FTC must show that the individual
23 defendant either (1) participated directly in the acts and practices or (2) had the authority to
   control them *and had actual knowledge of material misrepresentations, was recklessly*
24 *indifferent to the truth or falsity of a misrepresentation, or had an awareness of the high*
   *probability of fraud along with an intentional avoidance of the truth. See FTC v.*
25 *Cyberspace.com, LLC,* 453 F.3d 1196, 1202 (9th Cir. 2006) (emphasis added).  Thus, to obtain
26 redress for consumers from Mr. Stefanchik, the FTC must show not only that he had the authority
   to control the deceptive acts and practices of the telemarketers, former defendants, but also that
27 he had the requisite knowledge of those deceptive acts and practices.

28     [7]    *Id.*

FTC Opposition to Motion to Quash - Page 3

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1         Accordingly, defendants are hereby ORDERED to produce discovery
2   responses to plaintiff <u>no later than fourteen (14) days from the date defendants are served with those requests</u>.  However, such discovery requests shall be LIMITED only to communications relating to the telemarketing scripts at issue in this
3   litigation.[8]

4         On November 22, 2006, Mr. Stefanchik filed a Motion for Reconsideration or

5   Certification Pursuant to 28 U.S.C. § 1292 with the Western District Court regarding the Order.

6   On November 30, 2006, the Western District Court denied the Motion for Reconsideration and

7   reaffirmed its findings that Mr. Stefanchik had waived the attorney-client privilege with respect

8   to his communications with his former counsel regarding his knowledge of the contents of the

9   telemarketing scripts.[9]

10         On November 15, 2006, after the Western District Court issued the Order, the FTC

11   served a subpoena on Mr. Stefanchik's former counsel, Gary Hailey, requesting documents and

12   testimony relating to communications between Mr. Hailey's law firm and all of the named

13   defendants in the case regarding any telemarketing scripts for the Stefanchik Program from

14   January 1, 2000, to the date of the response to the subpoena.[10]  Although the time period covered

15   by the subpoena may encompass privileged communications between Mr. Hailey and the former

16   defendants, the FTC has informed Mr. Hailey, the former defendants, and Defendants that the

17   FTC does not seek discovery relating to any such communications.[11]

18

19

20

21

22       [8]    *Id.*

23       [9]    The Western District Court's Order Denying the Motion for Reconsideration is
24   attached hereto as Exhibit 3 ("Opp. Ex. 3").

25       [10]    The subpoena from FTC to Gary Hailey of Venable, Baetjer, Howard & Civiletti
    (served Nov. 15, 2006) is attached to this Opposition as Exhibit 4 ("Opp. Ex. 4").

26       [11]    Opp. Ex. 1 at ¶¶ 7-8. The FTC offered to stipulate with counsel to limit the scope
27   of its inquiry to Mr. Hailey to the time period before the FTC notified Defendants of its
investigation if counsel agreed to withdraw its Motion to Quash. *Id.* at ¶ 8.  Counsel has not
28   responded to the FTC's offer. *Id.*

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1

## II. ARGUMENT

2

### A. DISCOVERY OF UNPRIVILEGED COMMUNICATIONS BETWEEN MR. HAILEY AND THE FORMER DEFENDANTS IS PERMISSIBLE

3

4        Defendants argue that the FTC's subpoena of Mr. Hailey should be quashed because it may

5   seek information that may be protected by the attorney client-privilege between the former defendants

6   and Mr. Hailey.[12]   As noted above, although the time period specified in the subpoena may encompass

7   communications between Mr. Hailey and the former defendants that may be protected by the attorney-

8   client privilege, the FTC does not seek to discover such privileged information from Mr. Hailey and has

9   communicated that fact directly to Mr. Hailey.[13]  The FTC only seeks information regarding Mr.

10  Hailey's communications with the former defendants *before* he represented them in connection with the

11  FTC's investigation of the Stefanchik Organization and while he was acting solely as Mr. Stefanchik's

12  agent.[14] Such information is not privileged and is discoverable.

13        In general, the quashing of a subpoena is an extraordinary measure and is inappropriate absent

14  extraordinary circumstances.[15]  Courts are reluctant to quash subpoenas if other protection of a less

15  absolute character is possible and, instead, modification or some other limited protection is preferable

16

17   ————————————

18      [12]      Defendants arguably do not have standing to move to quash the subpoena on this
    basis. To the extent that the FTC seeks information regarding communications and documents
19   between the former defendants and Mr. Hailey, the former defendants are the only persons who
    have standing to assert the attorney-client privilege with respect to those communications and
20   documents.

21      [13]      In a telephone conversation with Mr. Hailey on October 11, 2006, prior to when
    the FTC served the subpoena, the FTC informed Mr. Hailey that it only sought discovery with
22   respect to the former defendants that was not protected by the attorney-client privilege. *See* Opp.
    Ex. 1 at ¶ 3. Likewise, in a telephone conversation with Mr. Umberger on December 1, 2006, the
23   FTC informed him that it only sought information and testimony from Mr. Hailey regarding his
    communications with the former defendants for the period prior to the FTC's investigation of the
24   Stefanchik Program. Opp. Ex. 1 at ¶ 7.
25

26      [14]      Notably, the FTC has no indication that Mr. Hailey ever represented former
    defendants Mr. Ely or Premier Marketing Group, Inc., who were not named subjects of the FTC's
27   investigation and were not made parties to this action until well after it was filed.

28      [15]      *Flanagan v. Wyndham International, Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005).

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1    to quashing a subpoena.[16] Thus, quashing the entire subpoena to protect a subset of potentially

2    privileged information from being produced in discovery is inappropriate.

3        In any event, nothing in the Western District Court's Order restricts or precludes the FTC from

4    obtaining discovery from Mr. Hailey regarding his *unprivileged* communications with the former

5    defendants. Communications between the former defendants and Mr. Hailey were not the subject of the

6    FTC's Motion to Compel and the Western District Court's Order. That Motion and the resulting Order

7    granting it only encompasses *privileged* communications between Mr. Hailey and Mr. Stefanchik

8    regarding Mr. Stefanchik's knowledge of the contents of the telemarketing scripts. As such,

9    Defendants' Motion to Quash all discovery of both privileged and *unprivileged* documents and

10    communications that occurred between the former defendants and Mr. Hailey is inappropriate and

11    should be denied.

12        In an effort to preclude the FTC from its right to obtain relevant and discoverable information,

13    the Defendants attempt to lump all the communications between the former defendants and Mr. Hailey

14    into a blanket privilege under a theory that they are somehow protected under the joint defense

15    privilege. This theory simply does not apply under these circumstances. The joint defense privilege

16    protects communications between an individual and the attorney for another person when the

17    communications are part of an ongoing and joint effort to establish a common defense strategy.[17] To

18    establish the joint defense privilege, the party asserting the privilege must show that (1) the

19    communications were made in the course of a joint defense effort, (2) the statements were designed to

20    further the joint defense effort, and (3) the privilege has not been waived.[18] By definition, however,

21    communications between the former defendants that occurred *before* the FTC notified the parties of its

22

23        [16]    *Id.* at 102, *citing Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1025

24    (Fed. Cir. 1986) ("When a court is confronted with a motion to quash, its duty is not to deny discovery altogether, but to reduce the demand to a reasonable level, considering the parties'

25    concerns."); and *Northrup Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984) (stressing modification of subpoena, if possible, rather than quashing).

26

27        [17]    *In re Imperial Corporation of America v. Alschuler*, 167 F.R.D. 445, 455 (S.D. Cal. 1995).

28        [18]    *Id.*

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1   investigation could not have been made in the course of a joint defense effort and, as such, they are not

2   privileged and are discoverable.

3       Defendants further argue that all communications between Mr. Hailey and the former

4   defendants prior to the FTC's investigation are privileged and undiscoverable because the former

5   defendants and Defendants shared a "common legal interest." The "common legal interest" privilege

6   arises as an exception to the general rule that the interjection of a third party into an attorney-client

7   relationship destroys any privilege that might attach to communications between the attorney and his or

8   her client.[19] Such a privilege is found most typically between corporations where "(1) the

9   communication is made by separate parties in the course of a matter of common interest; (2) the

10  communication is designed to further that effort; and (3) the privilege has not been waived."[20]

11  However, once parties who share a common legal interest have sued each other and their interests have

12  become adverse, there is no longer a common legal interest and no privilege attaches.[21] Thus, even if at

13  one time Defendants and the former defendants may have had a common legal interest, during the

14  course of this action, Defendants filed a cross-claim against the former telemarketing defendants

15  alleging that they were responsible for any misrepresentations made to consumers, making the interests

16  of all the parties in this case adverse. Once their interests became adverse, any communications

17  between the former defendants and Mr. Hailey regarding the Stefanchik program *prior to* the FTC's

18  investigation were no longer protected by this privilege. Accordingly, Defendants' Motion to Quash on

19  these grounds should be denied.

20  **B.    THE WESTERN DISTRICT COURT'S ORDER DOES NOT
           PRECLUDE THE FTC FROM EXPLORING DEFENDANTS'**
21  **      KNOWLEDGE REGARDING THE TELEMARKETING SCRIPTS
           BY ALSO SEEKING DISCOVERY FROM DEFENDANTS'**
22  **      FORMER COUNSEL**

23      Defendants also argue that the Western District Court's Order permits the FTC to obtain only

24  *written* discovery *from Mr. Stefanchik* regarding communications between Mr. Stefanchik and Mr.

25  _____

26      [19]  *See In Re Napster, Inc.*, 2005 U.S. Dist. LEXIS 11497 at *12 (N.D. Cal. 2005).

27      [20]  *Id.* at *12-*13.

28      [21]  *Id.* at *15-*16.

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1  Hailey, his former counsel, as to Mr. Stefanchik's knowledge of the contents of the telemarketing

2  scripts and, therefore, the FTC is precluded from seeking the same information from Mr. Hailey. This

3  interpretation of the Order is overly narrow, is contrary to its purpose, and would restrict considerably

4  the FTC's ability to obtain complete discovery on the issue of Mr. Stefanchik's knowledge regarding

5  the contents of the telemarketing scripts for the Stefanchik Program.

6        As an initial matter, and contrary to Defendants' contention, the Order does not limit the FTC to

7  propound written discovery only. The Order requires the Defendants to produce "discovery responses"

8  to the FTC no later than fourteen days from the date Defendants are served with those requests. The

9  Order does not specify or limit which types of discovery requests may be served — whether

10  interrogatories, document requests, or a notice of deposition.

11        Nor does the Order limit the FTC to discovery from Mr. Stefanchik. The underlying basis for

12  the Order and the Western District Court's refusal to reconsider that Order is that, by asserting that he

13  did not see the scripts and raising the defense that he relied on his attorney regarding the legality of the

14  scripts, John Stefanchik waived the attorney-client privilege with respect to those communications.[22]

15  Since the privilege has been waived, Mr. Stefanchik's former counsel, Mr. Hailey, has no basis for

16  asserting the privilege in Mr. Stefanchik's stead and he should be subject to discovery on this issue to

17  the same extent as is Mr. Stefanchik. Indeed, as noted above, the Order expressly permits the FTC to

18  "explore defendant's knowledge regarding the contents of the scripts, whether his attorney reviewed the

19  scripts, or whether his attorney communicated anything to him about those scripts."

20        The purpose of the Order would be seriously undermined if it were construed to limit the FTC to

21  seeking this discovery only from Mr. Stefanchik. His former attorney is the only person other than Mr.

22  Stefanchik who can provide testimony and/or documents showing whether he reviewed the scripts,

23  whether he communicated anything to John Stefanchik regarding the contents of the scripts, and what

24  those communications were. Mr. Hailey may remember conversations that Mr. Stefanchik does not.

25  He may remember conversations differently than Mr. Stefanchik remembers them. He also may have

26  documents and notes evidencing communications with Mr. Stefanchik regarding the scripts that Mr.

27

28        [22]    *See* Opp. Exs. 2 and 3.

FTC Opposition to Motion to Quash - Page 8

1  Stefanchik does not have.[23]  Limiting discovery to Mr. Stefanchik alone could block the FTC from

2  obtaining the complete discovery regarding Mr. Stefanchik's knowledge to which the Order entitles it.

3  Further, the FTC would be unable to confirm the veracity of Mr. Stefanchik's testimony and discovery

4  responses.

5        The Western District Court's Order and subsequent denial of Defendants' Motion for

6  Reconsideration make clear that the Court deemed the attorney-client privilege to have been waived

7  with respect to Mr. Stefanchik's communications with his attorney regarding his knowledge of the

8  contents of the scripts.  Under the doctrine of the law of the case, which is a guiding principle for sister

9  courts, when a court decides upon a rule of law, that decision should continue to govern the same issues

10  in subsequent stages in the same case.[24]  Accordingly, the Defendants should not now be permitted to

11  circumvent the Western District Court's rulings permitting the FTC discovery on this narrow issue.

12  **III.    CONCLUSION**

13        For the foregoing reasons, the FTC respectfully requests that this Court deny Defendants' John

14  Stefanchik and Beringer's Motion to Quash Subpoena.

15

16  Dated: December 18, 2006                    Respectfully submitted,

17

18                                             NADINE S. SAMTER, D.C. Bar # 415282
                                               PHILLIP TUMMINIO, D.C. Bar
19                                             KIAL YOUNG, Mass. Bar #633515
                                               Attorneys for Plaintiff
20                                             Federal Trade Commission
                                               915 Second Avenue, Suite 2896
21                                             Seattle, Washington 98174
                                               (206) 220-6350
22                                             Fax: (206) 220-6366
                                               Email: nsamter@ftc.gov; ptumminio@ftc.gov;
23                                                     kyoung@ftc.gov

24  _____

25        [23]    The FTC received only two documents from Mr. Stefanchik in response to the
      Order.  Since Mr. Hailey's representation of Mr. Stefanchik prior to the FTC's notification of its
26  investigation was for a period of roughly three years, the FTC believes more documents may
      exist that are responsive to the Order and are in Mr. Hailey's or his law firm's possession.
27

28        [24]    *Flanagan*, 231 F.R.D. at 103 n.2, *citing Christianson v. Colt Indus. Operating
      Corp.*, 486 U.S. 800, 815-16, 100 L.Ed. 2d 811, 108 S.Ct. 2166 (1988).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN STEFANCHIK, individually and as an officer and director of Beringer Corporation, *et al.*,<br><br>Defendants. | D.C. Dist. Ct. No. 06-MC-542-GK<br>Civil Action No. C04-1852RSM<br><br>Pending in the U.S. District Court for the Western District of Washington at Seattle |

## DECLARATION OF NADINE S. SAMTER IN SUPPORT OF PLAINTIFF FTC'S OPPOSITION TO DEFENDANTS JOHN STEFANCHIK'S AND THE BERINGER CORPORATION'S MOTION TO QUASH SUBPOENA

I, Nadine S. Samter, declare as follows:

1.    I am over the age of 18, am competent to testify, and have personal knowledge of the matters set forth below.

2.    I am an attorney employed by the Federal Trade Commission ("FTC") and I represent the FTC in connection with the above-captioned matter.

3.    On October 11, 2006, I and my FTC colleague, Kial Young, telephoned Mr. Gary Hailey, of the law firm of Venable, Baetjer, Howard & Civiletti, LLP, in Washington, D.C. We asked him whether he was still representing any of the defendants in this case and he did not indicate that his representation was ongoing. We informed him that we believed Mr. Stefanchik had waived the attorney-client privilege with respect to conversations with him regarding the Stefanchik Program telemarketing scripts and promotional materials, and that the FTC would be filing a Motion to Compel Mr. Stefanchik's testimony on that issue. We discussed that if the Motion to Compel were granted, the FTC planned to serve him with a subpoena for documents and testimony regarding these communications. We also told him that we would additionally seek non-privileged communications between him and the former defendants in the case, Atlas Marketing, Inc., Premier Consulting Group, Inc., Justin Ely, and Scott Christensen, relating to

Declaration of Nadine S. Samter - Page 1

FTC Opposition Exhibit 1

1    the telemarketing scripts and promotional and marketing materials for the Stefanchik Program.

2    We clarified that we were interested only in communications that occurred before his

3    representation of these other defendants.  On October 13, 2006, the FTC filed its Motion to

4    Compel in the Western District of Washington.

5    4.    On November 15, 2006, the Western District Court granted the FTC's Motion to Compel.  On

6    the same day, I sent a subpoena to Washington, D.C., for service on Mr. Hailey.  The subpoena

7    was served on Mr. Hailey in the morning of Monday, November 20, 2006, Eastern Standard

8    Time.

9    5.    On Tuesday, November 21, 2006, after Defendants filed their Motion to Reconsider with the

10    Western District Court, I sent an email to Gary Hailey informing him that the FTC proposed

11    postponing his deposition until the issues regarding his testimony that have been raised are

12    resolved.  A true and correct copy of the email I sent to Mr. Hailey is attached as Exhibit A to

13    this Declaration.

14    6.    On December 1, 2006, I and Robert Schroeder, another FTC colleague, had a telephone

15    conversation with former defendant Justin Ely and his counsel, William Halls, regarding his

16    communications with Gary Hailey relating to the telemarketing scripts for the Stefanchik

17    Program.  At that time, Mr. Ely asserted the attorney-client privilege with respect to

18    communications he may have had with Mr. Hailey after the FTC had notified the parties of its

19    investigation of the Stefanchik program; however, he did not assert any privilege and spoke

20    freely to us regarding communications he may have had with Mr. Hailey before the FTC

21    notified the parties of its investigation of the Stefanchik program.

22    7.    Also on December 1, 2006, I and Robert Schroeder of the FTC had a telephone conversation

23    with Mr. Rodney Umberger, counsel for Mr. Stefanchik.  In that conversation, we informed Mr.

24    Umberger that the FTC did not intend to seek privileged communications between Mr. Hailey

25

26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Su  2896
Seattle, Washington 98174
(206) 220-6350

1    and the former defendants, Justin Ely and Scott Christensen.  We also informed Mr. Umberger

2    that the FTC only sought to discover communications between the former defendants and Mr.

3    Hailey that occurred prior to the FTC's notification to John Stefanchik of its investigation of the

4    Stefanchik Program.  We further proposed agreeing to similarly limit the scope of the FTC 's

5    inquiry of Mr. Hailey regarding his privileged communications with Mr. Stefanchik.

6    8.    In an attempt to resolve this matter, on December 13, 2006, I sent an email to Mr. Umberger

7    proposing a stipulated letter agreement under which he would withdraw his clients' Motion to

8    Quash and I would agree to limit the scope of questioning of Mr. Hailey to the time period prior

9    to when the FTC notified the Defendants of its investigation.  A true and correct copy of this

10   email is attached to this Declaration as Exhibit B.  Mr. Umberger did not respond to this email.

11

12   I declare under penalty of perjury that the foregoing is true and correct.

13

14   Executed on December 15, 2006.

15                                          Nadine S. Samter

16

17

18

19

20

21

22

23

24

25

26

27

28

FEDERAL TRADE COMMISSION
915 Second Ave., Su  2896
Seattle, Washington 98174
(206) 220-6350

## Samter, Nadine S.

| | |
|---|---|
| **From:** | Samter, Nadine S. |
| **Sent:** | Tuesday, November 21, 2006 6:30 PM |
| **To:** | 'Hailey, Gary'; 'Umberger, Rod' |
| **Cc:** | Young, Kial S.; Schroeder, Robert J.; Fix, David C.; Tumminio, Philip |
| **Subject:** | FTC v. Stefanchik - deposition |

Gary:

As you may already know, Mr. Stefanchik has filed a motion in the Western District of Washington to quash the subpoena that we served on you. We propose postponing your deposition, which is scheduled for December 1, 2006, at 10:00am, until the issues raised are resolved. We will keep you apprised of the situation. Please call me if you have any questions.

Nadine Samter
Attorney, Northwest Region
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
direct dial: (206) 220-4479
fax: (206) 220-6366
email: nsamter@ftc.gov

Samter Declaration Exh. A

**Samter, Nadine S.**

| | |
|---|---|
| **From:** | Samter, Nadine S. |
| **Sent:** | Wednesday, December 13, 2006 1:13 PM |
| **To:** | 'Umberger, Rod' |
| **Cc:** | Young, Kial S.; Schoshinski, Robert; Mayer, Julie |
| **Subject:** | Stefanchik - Motion to Quash Gary Hailey subpoena |

Rod:

    In my last telephone conversation with you and Robert Schroeder of my office, we discussed an agreement whereby we would limit the scope of our subpoena to Gary Hailey to only cover the scripts and the time period prior to when the FTC began its investigation of the Stefanchik defendants and, in return, your clients would withdraw their Motion to Quash currently pending before the U.S. District Court for the District of Columbia.  We also discussed an agreement whereby the FTC would place the same limits on the scope of its questioning of Mr. Stefanchik, if he agreed to appear for a deposition.  My understanding at this point is that we have reached agreement regarding Mr. Stefanchik and need only set the date of the deposition.  However, with respect to your clients' pending motion, we have not finalized any agreement.

    We propose entering into a letter agreement whereby you would withdraw your clients' Motion to Quash and we would agree to limit the scope of any questioning of Mr. Hailey to the time period prior to when the FTC began its investigation and we would only question him regarding his communications to Mr. Stefanchik and his communications with Justin Ely (or Atlas) regarding the scripts [Justin has told us that he does not believe Gary Hailey or Venable represented any of the telemarketing defendants prior to the FTC's notification of its investigation].  Obviously, you cannot speak for Mr. Hailey, but he will not cooperate with us while the Motion to Quash is pending.

    As we all are well aware, we do not have much time to resolve this matter.  I have to send our opposition to the Motion to Quash to DC this week for filing on Monday, December 18.  Also, our discovery deadline is January 11, 2007, and we would like to complete this discovery before then.  Please email or call me immediately to notify me of your intentions.  I need a response from you no later than noon on December 14, 2006 (Pacific Standard time).  Thanks.

Nadine Samter
Attorney, Northwest Region
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA  98174
direct dial:  (206) 220-4479
fax: (206) 220-6366
email:  nsamter@ftc.gov

Samter Declaration  Exh. B



1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                        WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
8
    FEDERAL TRADE COMMISSION,              )
9                                          )
              Plaintiff,                    )
10                                         )      CASE NO. C04-1852RSM
         v.                                )
11                                         )
    JOHN STEFANCHIK, et al.,               )      ORDER GRANTING
12                                         )      PLAINTIFF'S MOTION TO
              Defendants.                  )      COMPEL
13   _____)

14        This matter comes before the Court on plaintiff's Motion to Compel, which asks the

15   Court for an Order compelling defendant John Stefanchik to respond to plaintiff's questions and

16   produce documents relating to his communications with his former attorney Gary Hailey

17   concerning the content of the telemarketing scripts and other promotional materials for the

18   Stefanchik Program. (Dkt. #98). Plaintiff argues that defendant has waived the attorney-client

19   privilege with respect to these communications because he has raised the defense that he relied

20   on the advice of counsel as to the legality of the scripts and other advertising under Section 5 of

21   the Federal Trade Commission Act, 15 U.S.C. § 45, and the Telemarketing Sales Rules, 16

22   C.F.R. Part 310. Defendants argue that Mr. Stefanchik has not raised the defense that he relied

23   on the advice of counsel with respect to the scripts, and that plaintiff's request is overbroad in

24   any event. (Dkt. #99).

25        The Court, having considered plaintiff's motion, defendants' response, plaintiff's reply,

26   and the remainder of the record, hereby finds and ORDERS:

         (1) Plaintiff's Motion to Compel (Dkt. #98) is GRANTED. The Court agrees with

ORDER
PAGE – 1                                         FTC Opposition Exhibit 2

1   plaintiff that, by saying he did not see the scripts the telemarketers used, defendant is asserting

2   that he did not know what the telemarketers were told to say to consumers over the telephone

3   in the sales pitches.  The Court also agrees that, by asserting that former defendant Justin Ely of

4   Atlas Marketing sent the scripts to Mr. Stefanchik's attorney, who would directly make

5   comments or communicate changes to Mr. Ely, defendant is also asserting that he relied on his

6   counsel to make sure that the scripts complied with the law.  As a result, plaintiff is entitled to

7   explore defendant's knowledge regarding the contents of the scripts, whether his attorney

8   reviewed the scripts, or whether his attorney communicated anything to him about those scripts.

9        Accordingly, defendants are hereby ORDERED to produce discovery responses to

10  plaintiff no later than fourteen (14) days from the date defendants are served with those

11  requests.  However, such discovery requests shall be LIMITED only to communications relating

12  to the telemarketing scripts at issue in this litigation.

13       (2)  The Clerk shall forward a copy of this Order to all counsel of record.

14       DATED this 15 day of November, 2006.

16                                              RICARDO S. MARTINEZ
17                                              UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 2

1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE
10
     FEDERAL TRADE COMMISSION,
11
              Plaintiff,                    CASE NO.  C04-1852RSM
12
          v.
13                                          ORDER DENYING MOTION FOR
     JOHN STEFANCHIK, *et al.*,             RECONSIDERATION
14
              Defendants.
15
              This matter comes before the Court on defendants' Motion for Reconsideration.  (Dkt.
16
     #115).  Defendants ask this Court to reconsider its previous Order granting plaintiff's Motion to
17
     Compel, in which the Court determined that plaintiff is entitled to explore defendant John
18
     Stefanchik's knowledge regarding the contents of certain telemarketing scripts, whether his
19
     former attorney reviewed the scripts, or whether his attorney communicated anything to him
20
     about those scripts, and directed defendant John Stefanchik to produce discovery responses
21
     within 14 days from the date of that Order.  (*See* Dkt. #112).
22
              Having reviewed defendants' motion,  and the remainder of the record, this Court hereby
23
     finds and ORDERS:
24
              (1)  Defendants' Motion for Reconsideration (Dkt. #115) is DENIED.  By local rule,
25
     motions for reconsideration are disfavored, and the Court will ordinarily deny such a motion in
26

     ORDER DENYING MOTION FOR RECONSIDERATION
     PAGE - 1

FTC Opposition Exhibit 3

1    the absence of "a showing of new facts or legal authority which could not have been brought to

2    its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h).  In their

3    motion for reconsideration, defendants essentially reiterate the same legal argument with respect

4    to attorney-client privilege as they previously presented to this Court.  In making its previous

5    decision, the Court fully considered those arguments.  The Court then determined that defendant

6    Stefanchik waived his attorney-client privilege with respect to the telemarketing scripts because

7    he put his attorney's knowledge, and his own, directly at issue.  (Dkt. #112 at 1-2).  Nothing

8    defendants have presented in their motion for reconsideration persuades the Court that it

9    committed manifest error in making that determination.

10         Indeed, defendant Stefanchik acknowledges plaintiff's allegation that he participated in

11    the making of misleading statements, which would require proof that he knew a particular

12    representation was being made and that he could have stopped, but did not, that representation

13    from being made.  Here, the Court found that by saying he did not see the scripts the

14    telemarketers used, defendant is asserting that he did not know what the telemarketers were told

15    to say to consumers over the telephone in the sales pitches, and, by asserting that former

16    defendant Justin Ely of Atlas Marketing sent the scripts to his attorney, who would then directly

17    make comments or communicate changes to Mr. Ely, defendant is also asserting that he relied

18    on his counsel to make sure that the scripts complied with the law.  Thus, whether defendant's

19    counsel communicated anything to him about those scripts is discoverable.  Accordingly, the

20    Court declines to reconsider its previous Order.

21         Defendants ask in the alternative that, should this Court deny their motion for

22    reconsideration, the Court certify the question to the Ninth Circuit Court of Appeals pursuant to

23    28 U.S.C. § 1292.  The Court denies that request.

24         Section 1292 of the United States Code provides:

25            When a district judge, in making in a civil action an order not otherwise
              appealable under this section, shall be of the opinion that such order involves
26

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 2

1
2
3
4
5

> a controlling question of law as to which there is substantial ground for
> difference of opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation, he shall so state
> in writing in such order. The Court of Appeals which would have jurisdiction
> of an appeal of such action may thereupon, in its discretion, permit an appeal
> to be taken from such order, if application is made to it within ten days after
> the entry of the order: Provided, however, That application for an appeal
> hereunder shall not stay proceedings in the district court unless the district
> judge or the Court of Appeals or a judge thereof shall so order.

6   28 U.S.C. § 1292(b).  This Court does not believe that its previous Order meets such a standard.

7   It is well-settled that a party implicitly waives the attorney-client privilege by, *inter alia*,

8   putting the privileged information at issue, and if denying the discovery of that information

9   would prejudice the opposing party in asserting its claim or defense.  *See Home Indem. Co. v.*

10  *Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995); *Hearn v. Rhay*, 68 F.R.D.

11  574, 581 (E.D. Wash. 1975).  Here, as noted above, the Court found that defendant put his

12  knowledge and his attorney's knowledge of the scripts directly at issue, and plaintiff therefore

13  deserved to explore such knowledge.  This Court does not believe that such determination

14  involves a controlling question of law as to which there is substantial ground for difference of

15  opinion and that an immediate appeal from the order may materially advance the ultimate

16  termination of the litigation.  Accordingly, the Court declines to certify the issue for appeal.

17  (2) The Clerk shall forward a copy of this Order to all counsel of record.

18  DATED this 30th day of November, 2006.

19
20
21  RICARDO S. MARTINEZ
22  UNITED STATES DISTRICT JUDGE
23
24
25
26

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 3

AO 88 (11/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Columbia

Federal Trade Commission, Plaintiff

**SUBPOENA IN A CIVIL CASE**

## V.

CASE NUMBER: 1 CV04-1852RSM (W.D. Wash

John Stefanchik, et al., Defendants

TO:  Mr. Gary Hailey, Venable, Baetjer, Howard & Civiletti, LLP, 575 7th Street, N.W., Washington, DC
20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | **DATE AND TIME** |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Federal Trade Commission, 600 Pennsylvania Ave. NW, Suite 248, Washington, DC 20580 | Friday, December 1, 2006 1:00pm EST (10:00am PST). |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached Specifications

| PLACE | DATE AND TIME |
|---|---|
| Federal Trade Commission, 915 Second Avenue, Suite 2896, Seattle, WA 98174 Attn: Nadine Samter (206) 220-4479 | November 27, 2006, 5:00pm PST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one
or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure,
30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 11-15-06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Nadine Samter, 915 Second Ave., Suite 2896, Seattle, WA  98174 (206) 220-4479

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If Action is pending in district other than district of issuance, state district under case number.

FTC Opposition Exhibit 4

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 11/20/06 | Venable, Baetjer, Howard + Civiletti, LLP, 575 7th St NW Washington D.C. 2000 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Gary Hailey | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Elaine Meyer | paralegal specialist |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/20/06
DATE

_Elaine Meyer_
SIGNATURE OF SERVER

FTC, 600 Pennsylvania Ave, NW
ADDRESS OF SERVER

Washington, DC 20580

RULE 45, Federal Rules of Civil Procedure, PART C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to place more than 100 miles from the place where that person

resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### SUBPOENA FOR
### DOCUMENTARY MATERIAL AND THINGS

#### DEFINITIONS

As used herein:

1. The term "Defendants" means the defendants named in the Amended Complaint filed in *Federal Trade Commission v. John Stefanchik, et al.*, CV04-1852RSM (W.D. Wash. 2004), namely the Beringer Corporation, Atlas Marketing, Inc., Premier Consulting Group, Inc., John Stefanchik, Scott Christensen, and Justin Ely, and each of them, and includes their present and former representatives, agents, employees, consultants, attorneys, accountants, independent contractors, corporations, affiliates, divisions, "doing business as" names, merchant names, successors and assigns, and any person or entity acting, or who acted at any relevant time, on behalf of any of them.

2. "Venable" means the law firm of Venable, Baetjer, Howard & Civiletti, LLP, and includes its present and former representatives, agents, employees, consultants, attorneys, accountants, independent contractors, corporations, affiliates, divisions, "doing business as" names, merchant names, successors and assigns, and any person or entity acting, or who acted at any relevant time, on behalf of it, including but not limited to, Gary Hailey and Theodore W. Atkinson.

3. "The Stefanchik Program" means course materials, in-person workshops, seminars, videotapes, audio tapes, personal coaching services, and other products and services that purport to teach consumers John Stefanchik's method for how to find, broker, create, purchase, and/or sell privately held mortgages or promissory notes that are secured by real property.

4. "Document" means the complete original (or in lieu thereof, exact copies of the originals) and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, taped, recorded, filmed, punched, computer-stored, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book, electronic communication, **including e-mail,** and computer material (print-outs, cards, magnetic or electronic tapes, discs and such codes or instructions as will transform such computer materials into easily understandable form).

5. "Communication" means any contact, oral or written, formal or informal, at any time or

place, by any medium, and under any circumstances whatsoever, whereby information of any nature was shared, transmitted, or transferred.

6.    "Refer or relate to" or "Referring or relating to" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

7.    The singular shall be construed to include the plural, and the plural shall be construed to include the singular.

8.    The word "each" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

9.    The word "and" shall be construed to include the word "or," and the word "or" shall be construed to include the word "and."


## INSTRUCTIONS

1.    Documents covered by this subpoena are those in your or Venable's possession or under your actual or constructive custody or control.

2.    Legible photocopies may be submitted in lieu of original documents, provided that the originals are retained in their current state. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Federal Trade Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Federal Trade Commission staff upon request.

3.    A complete copy of each document should be submitted even though only a portion of the document is within the terms of the specification. The document shall not be edited, cut, or expunged and shall include all covering letters and memoranda, transmittal slips, appendices, tables or other attachments and all other documents referred to in the document or attachments.

4.    If any document called for by this subpoena is withheld based on a claim of privilege or any similar claim, the claim must be asserted no later than the return date of this subpoena. In addition, submit, together with the claim, a schedule of the items withheld stating individually as to each item: (a) the type, specific subject matter, and date of the item; (b) the names, addresses, positions, and organizations of all authors and recipients

2

of the item; and (c) the specific grounds for claiming that the item is privileged. If only some portion of any responsive document is privileged, all non-privileged portions of the document must be submitted.

5.  All documentary materials used in the preparation of responses to the specifications of this subpoena shall be retained. The Federal Trade Commission may require the submission of additional documents at a later time. Accordingly, you should suspend any routine procedures for document destruction and take other measures to prevent the destruction of documents that are in any way relevant to this investigation during its pendency, irrespective of whether you believe such documents are protected from discovery by privilege or otherwise. See 15 U.S.C. § 50; see also 18 U.S.C. §1505.

6.  If any of the information requested in this subpoena is only available in machine-readable form (such as floppy or hard disks, drums, core storage, magnetic tapes or punch cards), state the form in which it is available and describe the type of computer or other machinery required to read the record(s) involved. If the information requested is stored in a computer or a file or a record generated by a computer, indicate whether you have an existing program that will print out the record in readable form and state the name, title, business address and telephone number of each person who is familiar with the program.

## REQUEST FOR DOCUMENTS

Pursuant to Fed. R. Civ. P. 45, produce the following documents:

1.  All documents that refer or relate to communications between Venable and Defendants, whether individually or collectively, regarding any telemarketing scripts and sales presentations for the Stefanchik Program from January 1, 2000, to the date of your response to this Request.

3

# CERTIFICATE OF SERVICE

    I hereby certify that on December 18, 2006, I served the foregoing **PLAINTIFF FTC'S RESPONSE TO DEFENDANTS JOHN STEFANCHIK'S AND THE BERINGER CORPORATION'S MOTION TO QUASH SUBPOENA** and exhibits attached thereto by sending a copy via facsimile and first class mail to the following:

Rodney L. Umberger, WSBA #24948
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA  98101
(206) 628-2421 (phone)
(206) 628-6611 (fax)
rumberger@wkg.com

Megan Starace Ben'Ary
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
(703) 647-5933 (direct phone)
(703) 684-8075 (direct fax)
megan.ben'ary@leclairryan.com


Dated:    December 18, 2006

Nadine Samter

FTC Opposition to Motion to Quash - Page 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

JOHN STEFANCHIK, individually and as an officer and director of Beringer Corporation, *et al.*,

Defendants.

DC. Dist.Ct. No. 06-MC-542-GK
Civil Action No. C04-1852RSM

Pending in the U.S. District Court for the Western District of Washington at Seattle

**(PROPOSED) ORDER DENYING DEFENDANTS JOHN STEFANCHIK'S AND THE BERINGER CORPORATION'S MOTION TO QUASH SUBPOENA**

This matter, having come before this Court on defendants John Stefanchik's and the Beringer Corporation's Motion to Quash Subpoena, and the Court having considered the arguments of the parties and all pleadings in support of or in opposition to this Motion filed by any parties, it is hereby

**ORDERED** that Defendants John Stefanchik's and the Beringer Corporation's Motion to Quash Subpoena is **DENIED**.

DATED this _____ day of _____, 2006.

_____
United States District Judge

Dated: December 18, 2006

Respectfully submitted,

 s/ Nadine S. Samter
_____
NADINE S. SAMTER, D.C. Bar # 415282
PHILLIP TUMMINIO, D.C. Bar
KIAL YOUNG, Mass. Bar #633515
Attorneys for Plaintiff
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, Washington 98174
(206) 220-6350
Fax: (206) 220-6366
Email: nsamter@ftc.gov; kyoung@ftc.gov;
          ptumminio@ftc.gov

(Proposed) Order - Page 1