IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN STEFANCHIK, individually and )<br>as an officer and director of )<br>Beringer Corporation, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. C04-1852RSM<br><br>Pending in the U.S. District Court<br>Western District of Washington<br>At Seattle |

### DEFENDANTS JOHN STEFANCHIK AND BERINGER CORPORATION'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

The FTC tacitly concedes[1] that its subpoena is overbroad in scope when it asserts that even though the time period specified in the subpoena "may" encompass communications with Mr. Hailey and the former defendants that "may" be protected by the attorney-client privilege, it is not really seeking what the subpoena plainly states. The subpoena states that it seeks "all documents" that "refer or relate to" communications between Mr. Hailey and any of the defendants "from January 1, 2000 to the date of your response to this Request."[2] The FTC claims that it is only seeking communications between Mr. Hailey and the defendants that took place *before* the initiation of the FTC action. The FTC does not explain, however, why these communications are not privileged as well. The FTC completely ignores the fact that, in addition to the arguments made by the Stefanchik defendants in their initial memorandum in support of this motion, Mr. Hailey's law firm has filed an objection to the subpoena arguing, in part, that the firm was initially contacted in September of 2000 to represent the Stefanchik Organization and that the defendants are entitled to take the position that the Stefanchik

---

[1] Opp. at p. 5, ll. 5-8.
[2] Ex. 4 to Samter Decl.

Organization includes all of them and that all of their communications with Mr. Hailey are protected by the attorney-client privilege.[3] The Objection also states that the firm seeks to preserve the former clients' right and ability to preserve this position and correctly points out that "the attorney-client privilege belongs to the client."[4]

Mr. Hailey's firm is also correct that it is defendants' position that all communications between any of them and Mr. Hailey are protected by the attorney-client privilege. As discussed in these defendants' initial memorandum in support of this motion, and will not be reiterated at length here, former defendants Ely, Christiansen and Atlas worked in conjunction with the Stefanchik Organization in a combined effort to promote, market and sell the Stefanchik Program and had a common interest in making the Program a success. The FTC makes no attempt to refute that fact, other than to point out that Stefanchik filed a cross claim against Atlas and Ely. That cross claim was not filed, however, until March of 2005,[5] well after the time period which is the subject of the FTC's subpoena and, obviously, well after the lawsuit was filed. The filing of that cross claim years later does not vitiate the parties' common interest, during the time period in question, in promoting the Stefanchik Program. All of them had a vested pecuniary interest in ensuring the Program was a success. There is no reasonable argument to the contrary.

---

[3] ¶ 3 of the Objection to Subpoena Duces Tecum, filed herein on November 27, 2006, attached to the Killian Declaration as Ex. A. Notably, this Objection was filed by Mr. Hailey's firm well after the conversation on October 11, 2006, discussed in Ms. Samter's Declaration at ¶ 3, in which she and a colleague advised Mr. Hailey of the current discovery dispute. Although Ms. Samter states that "Mr. Hailey did not indicate that his representation [of any of the defendants] was ongoing," ¶ 3, Mr. Hailey's firm obviously felt it necessary to file the Objection in order to preserve its former clients' ability to assert the privilege. Neither Mr. Hailey nor his firm acquiesced in the FTC's attempts to circumvent the privilege.

[4] *Id.*, ¶¶ 3 and 4.

[5] *See* Ex. B to Killian Decl., copy of confirmation of e-filing of these defendants' original cross claim against former defendants Ely and Atlas.

The FTC also relies on a conversation purported to have taken place on December 1, 2006, between FTC staff and former defendant Mr. Ely and his counsel, in which Mr. Ely allegedly "spoke freely to [the FTC] regarding communications he may have had with Mr. Hailey before the FTC notified the parties of its investigation of the Stefanchik program."[6]  These self-serving, completely unsupported allegations should be disregarded.  If indeed Mr. Ely has decided to knowingly and intentionally relinquish his right to assert the privilege with respect to his communications with Mr. Hailey, which is required to constitute a waiver, there must be affirmative evidence of that fact and not merely a self-serving account of an alleged conversation with him by the very party seeking the privileged information.  Importantly, Mr. Hailey's firm's submission indicates no such waiver has in fact been made.  Mr. Ely has submitted nothing indicating he has waived the privilege with respect to any conversation with Mr. Hailey at any time despite, by the FTC's own admission, having knowledge of this motion.

Given the fact that the privilege issue has been the subject of much controversy in this case, and given Mr. Hailey's position of being thrust in the middle of the controversy, the proper course would have been for the FTC to first seek clarification from the Western District, which is familiar with this case, as to the intended scope of its Order Granting Plaintiff's Motion To Compel.  An order clarifying the Western District's prior ruling would have saved the parties and this Court valuable time and resources in connection with this motion to quash as well as time and resources likely to be expended on other potential discovery controversies involving this issue that are not yet ripe.  Given the strict limitation of the Western District's Order, discussed in these defendants' initial memorandum, and absent new and compelling evidence (which is non-existent) to

---

[6] Samter Decl. at p. 2, ¶ 6.

3

support the FTC's obvious overreaching, it is unlikely that the Western District would extend the scope of its order to include all of the communications the FTC now seeks. The Western District's Order, of course, had nothing to do with any defendant other than the Stefanchik defendants. Nor did the Order address the issue of deposing Mr. Hailey, as opposed to responding to discrete written discovery requests concerning only the scripts. Indeed, the FTC's motion to compel did not even request such relief. The FTC should not be allowed to unilaterally expand the limited scope of the Western District's Order by issuing the clearly overbroad subpoena to Mr. Hailey.

For the foregoing reasons, the Stefanchik defendants respectfully request that this Court issue an Order quashing the FTC's subpoena.

DATED this 26th day of December, 2006.

>JOHN STEFANCHIK
>BERINGER CORPORATION
>By Counsel

>By: __/s/ Megan S. Ben'Ary_____
>              Counsel

Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

Of Counsel:

Rodney L. Umberger, Jr. (WSBA No. 24948)
Teena M. Killian (WSBA No. 15805)
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600
(206) 628-6611 (facsimile)

**Counsel for Defendants John Stefanchik and Beringer Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was transmitted via facsimile, and first-class mail, postage prepaid, to the following this 26th day of December, 2006:

Nadine S. Samter, Esq.
Kial S. Young, Esq.
Eleanor Durham, Esq.
FEDERAL TRADE COMMISSION
915 Second Avenue, Suite 2896
Seattle, WA  98174
(206) 220-6350
(206) 220-6366 facsimile

Jodi A. McDougall, Esq.
COZEN O'CONNOR
1201 Third Avenue, Suite 5200
Seattle, WA  98101
(206) 373-7233
(206) 621-8783 facsimile

William C. Halls, Esq.
LAW OFFICE OF WILLIAM HALLS, P.C.
P.O. Box 540067
North Salt Lake, UT  84054
(801) 685-2028
(801) 685-2098 facsimile

       /s/ Megan S. Ben'Ary
       Megan S. Ben'Ary

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN STEFANCHIK, individually and as an officer and director of Beringer Corporation, et al.,<br><br>  Defendants. | NO. C04-1852RSM<br><br>EXHIBIT 1 -- DECLARATION OF TEENA M. KILLIAN IN SUPPORT OF DEFENDANTS STEFANCHIK AND BERINGER CORPORATION'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA |

I, Teena M. Killian, declare as follows:

1.  I am an attorney for defendants John Stefanchik and Beringer Corporation. I have personal knowledge of the facts contained herein and am competent to testify thereto.

2.  Attached hereto as **Exhibit A** is a true and correct copy of an Objection To Subpoena Decus Tecum filed by Gary Hailey and his law firm, Venable LLP, in response to the FTC's issuance of the of the Subpoena that is the subject of this motion, which was served on Mr. Hailey on November 20, 2006.

3.  Attached hereto as **Exhibit B** is a true and correct copy of confirmation of the electronic filing of Defendants John Stefanchik and Beringer Corporation's Cross-Claim against defendants Atlas Marketing, Inc. and Scott B. Christensen on March 11, 2005.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXHIBIT 1 – DECLARATION OF TEENA M. KILLIAN IN SUPPORT OF DEFENDANTS STEFANCHIK AND BERINGER CORPORATION'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA - 1

1945308.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

EXHIBIT
1

Executed this 26th day of December, 2006, in Seattle, Washington.

                                          */s/ Teena*
Teena M. Killian, WSBA No. 15805
Attorneys for Defendants John Stefanchik and Beringer Corporation
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: rumberger@wkg.com;
tkillian@wkg.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br> Plaintiff, <br><br> v. <br><br> JOHN STEFANCHIK, et al. <br> Defendants | * <br> * <br> * <br> * Case No. CV04-1852RSM <br> * (W.D. Wash) <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \*

## OBJECTION TO SUBPOENA DUCES TECUM

Gary Hailey ("Hailey"), by his undersigned attorneys, hereby objects, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, to the Subpoena Duces Tecum ("Subpoena") served on him by the Federal Trade Commission ("FTC") on the grounds that (i) he is not the custodian of records for, or authorized to produce, documents and files on behalf of his employer, Venable LLP ("Venable"), a law firm; (ii) the Subpoena does not allow a reasonable period of time for response by an non-party witness; (iii) Venable's client has informed Hailey that the Subpoena calls for the production of documents that may be protected from disclosure by the attorney-client privilege, the joint defense privilege and/or the work product doctrine; (iv) the client has further informed Hailey that it does not waive any applicable privilege or immunity from discovery. Hailey is not a party to this action. Venable, principally through Hailey, provided legal services to the Stefanchik Organization and related entities, including the entities and persons identified as "Defendants" in Attachment A to the Subpoena.

In support of this Objection, Hailey states as follows:



EXHIBIT A

1.      The FTC initially caused a subpoena to be served on Hailey on November 9, 2006; but, before the time for objection to that subpoena had passed, the FTC informed Hailey that he would not be required to respond to the initial subpoena; instead, on November 20, 2006, the FTC caused a second subpoena, the Subpoena at issue here, to be served on Hailey. According to the FTC, this Subpoena superseded the first subpoena. The Subpoena commands Hailey to produce by November 27, 2006, the following documents:

> All documents that refer or relate to communications between Venable and Defendants, whether individually or collectively, regarding any telemarketing scripts and sales presentations for the Stefanchik Program from January 1, 2000, to the date or your response to this Request.

A copy of the Subpoena is attached hereto as Exhibit 1.[1] The Defendants are defined in the Attachment A to the Subpoena to be the defendants named in *Federal Trade Commission v. John Stefanchik, et al.*, CV04-1852RSM, pending in the United States District Court for the Western District of Washington (hereinafter the *FTC Action*) namely, the Beringer Corporation, Atlas Marketing, Inc., Premier Consulting Group, Inc., John Stefanchik, Scott Christensen and Justin Ely as well as the agents, employees, representatives, etc. of each of these entities or individuals. These entities and individuals are hereinafter referred to as the "Defendants" or the "*FTC Action* Defendants".

2.      Hailey is a member of the Bar of the District of Columbia and is employed as an attorney by Venable. He does not have possession, custody or control over the documents of Venable. Moreover, even if Hailey were an appropriate person to

---

[1] This request for documents in the Subpoena is broader than the request in the initial subpoena in that it calls for documents over almost a seven-year period, from January 1, 2000, to the present, while the initial subpoena called for documents from January 1, 2000 to December 31, 2003. The initial subpoena, however, arguably called for a broader category of documents, which were described as "marketing and promotional materials for the Stefanchik Program."

be served with a subpoena for documents in the possession, custody or control of Venable, the Subpoena does not allow a reasonable time for response. The FTC has allowed only 7 days from service for any production in response to the Subpoena (which 7 days includes the Thanksgiving Holiday), less than the 30-day time period allowed a party under Fed. R. Civ. P. 34 for responding to a document request, and this shortened time period is contrary to the requirement of Fed. R. Civ. P. 45(c)(1) that the party issuing the subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

3.   The Subpoena calls for the production of documents that Venable understands its client may contend are covered by the attorney-client privilege, the joint defense privilege and/or the attorney work product doctrine. Initially, Venable was contacted in or around September 2000 to provide legal services to the Stefanchik Organization. Hailey understands that the *FTC Action* Defendants may take the position that the Stefanchik Organization includes all of them. Moreover, Venable represented the Stefanchik Organization and Atlas Marketing (as well as related individuals) in connection with the FTC's investigation. Hailey's understanding is that the *FTC Action* Defendants may take the position that all of them may be within the attorney-client privilege and/or subject to a joint defense privilege and that Venable's communications with all of the *FTC Action* Defendants are protected from disclosure by those privileges and the work product doctrine. Hailey does not speak for the Defendants in this regard but is simply seeking to preserve their right and ability to assert fully their positions with regard to the documents described under the Request for Documents in Attachment A to the Subpoena.

4. Neither Hailey nor Venable represents the *FTC Action* Defendants in connection with the Subpoena or the assertion of any privilege or immunity from discovery; however, the attorney-client privilege belongs to the client. Accordingly, Hailey makes this Objection in order to allow the *FTC Action* Defendants, through their attorneys, a full opportunity to assess, assert and otherwise protect their claims of attorney-client privilege, joint defense privilege and/or work product doctrine with respect to the documents described under the Request for Documents in Attachment A to the Subpoena.

5. Finally, Hailey notes that the Subpoena also calls for his deposition on December 1, 2006. The deposition will obviously involve inquiry into topics that may be within the scope of the attorney-client privilege, the joint defense privilege and/or the work product doctrine. In order to reduce the burden on him as a non-party witness, Hailey respectfully submits that no deposition should proceed until the issues regarding the documents requested by the Subpoena, including the scope and applicability of the attorney-client privilege, the joint defense privilege and the work product doctrine, have been resolved.

4

BA2/306236.1

For the foregoing reasons, Hailey objects to the Subpoena and declines to produce documents until this Objection is resolved and the *FTC Action* Defendants have had a meaningful opportunity to protect their privilege and related work product assertions

*David W. Goewey /gsw*
David W. Goewey
Venable LLP
575 7th Street, NW
Washington, D.C. 20004-1601
(202) 344-4853

Attorneys for Gary D. Hailey

OF COUNSEL:

G. Stewart Webb, Jr.
Venable LLP
Suite 1800
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7565

5

BA2/306236.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2006, copies of the foregoing Objection to Subpoena Duces Tecum were served by regular mail and electronic mail upon:

Rodney L. Umberger, Esquire
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101

William C. Halls, Esquire
Law Office of William Halls, PC
P.O. Box 540067
North Salt lake City, UT 84054

Jodi A. McDougall, Esquire
Cozen O'Connor, PC
1201 Third Avenue, Suite 5200
Seattle, WA 98101-3071

Nadine S. Samter, Esquire
Kial Young, Esquire
Eleanor Durham, Esquire
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, Washington 98174

G. Stewart Webb, Jr.

AO 88 (11/94) Subpoena in a Civil Case

Issued by the
# United States District Court
District of Columbia

Federal Trade Commission, Plaintiff

V.

John Stefanchik, et al., Defendants

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] CV04-1852RSM (W.D. Wash

TO: Mr. Gary Hailey, Venable, Baetjer, Howard & Civiletti, LLP, 575 7th Street, N.W., Washington, DC 20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Federal Trade Commission, 600 Pennsylvania Ave. NW, Suite 248, Washington, DC 20580 | Friday, December 1, 2006 1:00pm EST (10:00am PST). |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Specifications

| PLACE | DATE AND TIME |
|---|---|
| Federal Trade Commission, 915 Second Avenue, Suite 2896, Seattle, WA 98174 Attn: Nadine Samter (206) 220-4479 | November 27, 2006, 5:00pm PST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 11-15-06

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Nadine Samter, 915 Second Ave., Suite 2896, Seattle, WA 98174 (206) 220-4479

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1] If Action is pending in district other than district of issuance, state district under case number.

**Exhibit 1**

AO 88 (11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 11/20/06 | Venable Baetjer, Howard, and Civiletti LLP. 575 7th St NW Washington D.C. 20004 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Gary Hailey | | Personal |
| SERVED BY (PRINT NAME) | | TITLE |
| Elaine Meyer | | Paralegal Specialist |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 11-20-06
DATE

SIGNATURE OF SERVER

FTC. 600 Pennsylvania Ave NW
Washington D.C. 20580
ADDRESS OF SERVER

RULE 45, Federal Rules of Civil Procedure, PART C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to who the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## SUBPOENA FOR
## DOCUMENTARY MATERIAL AND THINGS

### DEFINITIONS

As used herein:

1. The term "Defendants" means the defendants named in the Amended Complaint filed in *Federal Trade Commission v. John Stefanchik, et al.*, CV04-1852RSM (W.D. Wash. 2004), namely the Beringer Corporation, Atlas Marketing, Inc., Premier Consulting Group, Inc., John Stefanchik, Scott Christensen, and Justin Ely, and each of them, and includes their present and former representatives, agents, employees, consultants, attorneys, accountants, independent contractors, corporations, affiliates, divisions, "doing business as" names, merchant names, successors and assigns, and any person or entity acting, or who acted at any relevant time, on behalf of any of them.

2. "Venable" means the law firm of Venable, Baetjer, Howard & Civiletti, LLP, and includes its present and former representatives, agents, employees, consultants, attorneys, accountants, independent contractors, corporations, affiliates, divisions, "doing business as" names, merchant names, successors and assigns, and any person or entity acting, or who acted at any relevant time, on behalf of it, including but not limited to, Gary Hailey and Theodore W. Atkinson.

3. "The Stefanchik Program" means course materials, in-person workshops, seminars, videotapes, audio tapes, personal coaching services, and other products and services that purport to teach consumers John Stefanchik's method for how to find, broker, create, purchase, and/or sell privately held mortgages or promissory notes that are secured by real property.

4. "Document" means the complete original (or in lieu thereof, exact copies of the originals) and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, taped, recorded, filmed, punched, computer-stored, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book, electronic communication, **including e-mail**, and computer material (print-outs, cards, magnetic or electronic tapes, discs and such codes or instructions as will transform such computer materials into easily understandable form).

5. "Communication" means any contact, oral or written, formal or informal, at any time or

place, by any medium, and under any circumstances whatsoever, whereby information of any nature was shared, transmitted, or transferred.

6. "Refer or relate to" or "Referring or relating to" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

7. The singular shall be construed to include the plural, and the plural shall be construed to include the singular.

8. The word "each" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

9. The word "and" shall be construed to include the word "or," and the word "or" shall be construed to include the word "and."

## INSTRUCTIONS

1. Documents covered by this subpoena are those in your or Venable's possession or under your actual or constructive custody or control.

2. Legible photocopies may be submitted in lieu of original documents, provided that the originals are retained in their current state. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Federal Trade Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Federal Trade Commission staff upon request.

3. A complete copy of each document should be submitted even though only a portion of the document is within the terms of the specification. The document shall not be edited, cut, or expunged and shall include all covering letters and memoranda, transmittal slips, appendices, tables or other attachments and all other documents referred to in the document or attachments.

4. If any document called for by this subpoena is withheld based on a claim of privilege or any similar claim, the claim must be asserted no later than the return date of this subpoena. In addition, submit, together with the claim, a schedule of the items withheld stating individually as to each item: (a) the type, specific subject matter, and date of the item; (b) the names, addresses, positions, and organizations of all authors and recipients

of the item; and (c) the specific grounds for claiming that the item is privileged. If only some portion of any responsive document is privileged, all non-privileged portions of the document must be submitted.

5. All documentary materials used in the preparation of responses to the specifications of this subpoena shall be retained. The Federal Trade Commission may require the submission of additional documents at a later time. Accordingly, you should suspend any routine procedures for document destruction and take other measures to prevent the destruction of documents that are in any way relevant to this investigation during its pendency, irrespective of whether you believe such documents are protected from discovery by privilege or otherwise. *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §1505.

6. If any of the information requested in this subpoena is only available in machine-readable form (such as floppy or hard disks, drums, core storage, magnetic tapes or punch cards), state the form in which it is available and describe the type of computer or other machinery required to read the record(s) involved. If the information requested is stored in a computer or a file or a record generated by a computer, indicate whether you have an existing program that will print out the record in readable form and state the name, title, business address and telephone number of each person who is familiar with the program.

## REQUEST FOR DOCUMENTS

Pursuant to Fed. R. Civ. P. 45, produce the following documents:

1. All documents that refer or relate to communications between Venable and Defendants, whether individually or collectively, regarding any telemarketing scripts and sales presentations for the Stefanchik Program from January 1, 2000, to the date of your response to this Request.

**Killian, Teena**

**From:** ECF@wawd.uscourts.gov
**Sent:** Friday, March 11, 2005 1:51 PM
**To:** ECF@wawd.uscourts.gov
**Subject:** Activity in Case 2:04-cv-01852-RSM Federal Trade Commission v. Stefanchik et al "Crossclaim"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## Western District of Washington

Notice of Electronic Filing

The following transaction was received from Umberger, Rodney L entered on 3/11/2005 at 1:50 PM PST and filed on 3/11/2005

**Case Name:** Federal Trade Commission v. Stefanchik et al
**Case Number:** 2:04-cv-1852
**Filer:** John Stefanchik
Beringer Corporation
**Document Number:** 50

**Docket Text:**
CROSSCLAIM *Defendants John Stefanchik and Beringer Corporation's Cross-Claim* against defendant Atlas Marketing Inc, Scott B Christensen, filed by John Stefanchik, Beringer Corporation.(Umberger, Rodney)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=3/11/2005] [FileNumber=1143840-0
] [5f8a2d2d74bae6da22f283401f9c0d20d86f1e6144489ef29ec5fd2735e916e064a
ff1dd67be18faccae4070b4efa00956afbd721b18a8b9d32a9216e2ede43a]]

**2:04-cv-1852 Notice will be electronically mailed to:**

Eleanor Durham    edurham@ftc.gov,

Jodi Ann McDougall    jmcdougall@cozen.com,

Nadine S Samter    nsamter@ftc.gov, ecfseattle@ftc.gov

Rodney L Umberger , Jr    rumberger@wkg.com, dhutchings@wkg.com

12/22/2006

EXHIBIT
B

Kial S Young    kyoung@ftc.gov,

**2:04-cv-1852 Notice will be delivered by other means to:**

12/22/2006